IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jahur Smith,<br><br>Plaintiff,<br><br>v.<br><br>Bryan P. Stirling; J. Derham Cole, Jr.; W. Walt Wilkins; Howie Thompson; Blake Bridges; PCR Court Reporter John Doe,<br><br>Defendants. | Civil Action No. 1:25-cv-13201-BHH<br><br>**ORDER** |

This matter is before the Court upon Plaintiff Jahur Smith's ("Plaintiff") complaint against the above-named Defendants. (ECF No. 1.) On October 30, 2025, Plaintiff filed a motion for temporary restraining order and preliminary injunction. (ECF No. 4.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On October 31, 2025, Magistrate Judge Shiva V. Hodges issued a report and recommendation ("Report"), outlining the issues and recommending that the Court deny Plaintiff's motion. (ECF No. 8.) When the Court did not receive timely objections from Plaintiff, it entered an order adopting the Magistrate Judge's Report, but the Court later vacated its order after receiving Plaintiff's motion for an extension of time to file objections, which the Court granted. (*See* ECF Nos. 13, 15, 17.) Plaintiff filed his objections to the Magistrate Judge's first report on December 8, 2025. (ECF No. 20.)

Subsequently, the Magistrate Judge issued another Report on February 6, 2026, outlining Plaintiff's claims and finding that the instant matter is subject to summary

dismissal because: (1) Plaintiff's claims are barred by the *Younger* abstention doctrine, . *Younger v. Harris*, 401 U.S. 37 (1971), to the extent he seeks injunctive relief related to his ongoing state PCR proceedings; (2) Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), to the extent he brings claims for damages related to the police or prosecution's failure to provide him with exculpatory evidence; and (3) Plaintiff's claims are conclusory and include insufficient factual allegations. (ECF No. 33.) Plaintiff filed objections to the Magistrate Judge's second Report on March 19, 2026, and these matters are ripe for review.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## DISCUSSION

In her first Report, the Magistrate Judge outlined Plaintiff's motion for temporary restraining order and preliminary injunction and found that Plaintiff failed to make a clear showing of the elements required for the issuance of such relief. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). (ECF No. 8.) Specifically, the Magistrate Judge explained that Plaintiff was requesting certain items for a post-conviction relief hearing and that Plaintiff failed to show why he could not present his claim to the post-conviction relief

court, noting also that if the post-conviction relief court ruled against Plaintiff, he still would be able to file a timely habeas petition in this Court. (*Id.* at 3-4.) The Magistrate Judge also explained that Plaintiff failed to show that the balance of equities tipped in his favor or that the public interest would be served by this Court granting injunctive relief related to a pending state court matter. (*Id.* at 4.)

In his objections to the Magistrate Judge's first Report, Plaintiff reiterates his claims and asserts that the state is violating his due process rights, and Plaintiff asserts that the Magistrate Judge misapplied the applicable legal standard and ignored the nature of the harm. (ECF No. 20 at 2.) After *de novo* review, however, the Court finds Plaintiff's objections unavailing, and the Court fully agrees with the Magistrate Judge that Plaintiff has not made the requisite showing that he is entitled to the extraordinary remedy of preliminary injunctive relief. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Accordingly, the Court overrules Plaintiff's objections to the Magistrate Judge's first Report (ECF No. 20); the Court adopts the Magistrate Judge's first Report (ECF No. 8); and the Court denies Plaintiff's motion for temporary restraining order and preliminary injunction (ECF No. 4).

Next, as to the Magistrate Judge's second Report, wherein she recommends that the Court summarily dismiss this matter pursuant to *Younger*, *Heck,* and for failure to state a claim (ECF No. 33), Plaintiff objects that the Magistrate Judge failed to liberally construe his pleadings and incorrectly assumed that Plaintiff would receive a fair post-conviction relief hearing. (ECF No. 39 at 1-3.) After *de novo* review, however, the Court finds that Plaintiff's objections fail to point to any legal or factual error and wholly fail to address the fact that Plaintiff's claims are barred by *Younger*, to the extent Plaintiff seeks injunctive

relief, because Plaintiff is currently involved in a state post-conviction relief proceeding, and the state has a strong interest in administering its justice system without this Court's interference. Additionally, as the Magistrate Judge correctly noted, Plaintiff can pursue his claims in his post-conviction proceedings, and once those proceedings are exhausted, he may file a timely habeas petition in this Court. Likewise, as to any claims for damages, the Court agrees with the Magistrate Judge that such claims are barred by *Heck* because, to the extent Plaintiff claims that evidence was withheld in his criminal prosecution, a judgment in his favor in this case would necessarily imply the invalidity of his conviction. Accordingly, the Court overrules Plaintiff's objections to the Magistrate Judge's second Report (ECF No. 39); the Court adopts the Magistrate Judge's second Report (ECF No. 33); and the Court summarily dismisses this matter without further leave for amendment.

## CONCLUSION

For the foregoing reasons, the Court adopts and specifically incorporates the Magistrate Judge's Reports (ECF Nos. 8, 33); the Court overrules Plaintiff's objections (ECF Nos. 20, 39); the Court denies Plaintiff's motion for temporary restraining order and preliminary injunction (ECF No. 4); and the Court summarily dismisses this action for failure to state a claim, without leave to amend, and without issuance and service of process.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

November 18, 2026
Charleston, South Carolina